**STATE of Minnesota, Respondent,**

v.

**Charles PATTERSON, Appellant.**

**No. C2–81–1211.**

Supreme Court of Minnesota.

Feb. 18, 1983.

C. Paul Jones, Public Defender, and Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty. and Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

WAHL, Justice.

Defendant was charged by complaint with two counts of soliciting or inducing a person under age 16 to practice prostitution, Minn.Stat. § 609.322, subd. 1(1, 2) (1982), and one count of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(a, e) (1982). A district court jury found him guilty of one of two counts of soliciting and of the one count of criminal sexual conduct in the first degree. The trial court sentenced defendant to 43 months in prison,

which is the presumptive sentence for criminal sexual conduct in the first degree (severity level VIII) by a person with defendant's criminal history score (zero). On his appeal from judgment of conviction, defendant argues first that his convictions should be reversed outright on the ground that the evidence of his guilt was legally insufficient. Alternatively, he seeks a new trial on the ground that he was prejudiced by (a) testimony of the complainant which defendant argues implied that she was a virgin, (b) the prosecutor's failure to disclose certain evidence that defendant contends could have been used to impeach the complainant's credibility and (c) the refusal of the trial court to admit the details underlying complainant's adjudication of delinquency for participation in an armed robbery several months after the charged offenses. We affirm.

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient.

We do not decide whether it would have been error to admit evidence that the complainant was a virgin. The trial court, which heard the evidence, concluded that the testimony in question did not imply, as defendant contends it did, that defendant had taken away the complainant's virginity. The trial court did not err in this conclusion.

We find no basis in the record to support defendant's contention that the prosecutor erroneously and prejudicially failed to disclose certain evidence.

Defendant's final contention is that the trial court erred in refusing to admit substantively certain evidence relating to the complainant's participation in a bank robbery a number of months after the offenses with which we are concerned. The trial court concluded that fairness and the defendant's right to confront witnesses against him justified elicitation of the fact of the victim's adjudication of delinquency for the armed robbery, in order to impeach her credibility as a witness. The trial court concluded further, however, that it would unnecessarily complicate the trial and confuse the issues, without any significant corresponding benefit to the truth-seeking process, to admit the details underlying the complainant's adjudication of delinquency for participation in the robbery. Defendant cites a number of rules bearing on evidence of a witness' character. We need not address these rules in detail in this case. Minn.R.Evid. 403, which provides the guidance for the proper application of the Rules of Evidence, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We hold that the trial court correctly allowed use of the adjudication of delinquency to impeach the complainant's credibility as a witness and properly barred defense counsel from eliciting the related evidence and using it substantively.

Affirmed.